IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLENE SMITH, KATHRYN BJORN, and REBECCA OSBORNE, Individually and as Personal Representative of the Estate of Amy Osborne, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )   CIVIL NO. 06-124-GPM |
| ASTRAZENECA PHARMACEUTICALS, L.P., | )<br>)<br>) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

The Court, on its own motion, has reviewed the complaint in the present case to determine whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*. *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). In light of Seventh Circuit Court of Appeals opinions, *see, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam), this Court has undertaken a more rigorous initial review of complaints to ensure that jurisdiction has been properly pleaded.

Plaintiffs bring this action for injuries suffered as a result of taking the prescription drug

Seroquel.  They claim that jurisdiction is proper under 28 U.S.C. § 1332.  However, Plaintiffs have failed to allege the citizenship of decedent Amy Osborne as required under § 1332(c)(2).  Moreover, while Plaintiffs have identified and alleged the citizenship of all limited partners of AstraZeneca Pharmaceuticals, L.P., they have failed to identify and allege the citizenship of any general partner. *See America's Best Inns*, 980 F.2d at 1073 ("A limited partnership is a citizen of every state of which any partner, general or limited, is a citizen."); *see also Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (the citizenship of a limited partnership is the citizenship of every partner).  Because of these defects, the Court is unable to determine whether diversity jurisdiction exists.

"[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992).  Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiffs are **ORDERED** to file an Amendment to the Complaint **on or before March 6, 2006**, to cure the deficiencies set forth above.  If Plaintiffs fail to file an Amendment to the Complaint in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiffs cannot establish federal subject matter jurisdiction, the Court will dismiss the action for lack of jurisdiction.  *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance

toward the requirements of federal jurisdiction has caused a waste of time and money.").

**IT IS SO ORDERED.**

DATED:  02/21/06

> s/ G. Patrick Murphy
> G. PATRICK MURPHY
> Chief United States District Judge